```
TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MARK A. WILLIAMS (Cal. Bar No. 239351)
Chief, Environmental and Community Safety Crimes Section
JOSEPH O. JOHNS (Cal. Bar No. 144524)
MATTHEW W. O'BRIEN (Cal. Bar No. 261568)
Assistant United States Attorneys
Environmental and Community Safety Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8644
     Facsimile: (213) 894-0141
     E-mail:    Matthew.O'Brien@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-600-GW |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| JERRY NEHL BOYLAN, | |
| Defendant. | **CURRENT TRIAL DATE: 3-22-2022**<br>**PROPOSED TRIAL DATE: 10-4-2022** |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mark A. Williams, Joseph O. Johns and Matthew W. O'Brien, and defendant Jerry Nehl Boylan ("defendant"), both individually and by and through his counsel of record, Georgina Wakefield, Gabriela Rivera, and Julia Deixler, hereby stipulate as follows:

1.  The Indictment in this case was filed on December 1, 2020. Defendant first appeared before a judicial officer of the court in

which the charges in this case were pending on February 16, 2021. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 27, 2021.

2. On February 16, 2021, the Court set a trial date of March 30, 2021.

3. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately 12-14 days.

4. The Court has previously continued the trial date in this case from March 30, 2021 to March 22, 2022, and found the interim period to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to October 4, 2022, and to continue the pretrial status conference from February 28, 2022 to September 22, 2022. This is the second request for a continuance.

6. The parties also request the following briefing schedule for motions (excluding motions in limine):

    a. Motions: June 30, 2022.
    b. Oppositions: July 21, 2022.
    c. Replies: August 4, 2022.
    d. Motions hearing: August 18, 2022.

For motions in limine, the parties request the following briefing schedule:

    e. Motions: August 25, 2012.
    f. Oppositions: September 1, 2022.
    g. Replies: September 8, 2022.
    h. Hearing (and PTC): September 22, 2022.

7. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a. Defendant is charged with 34 violations of 18 U.S.C. § 1115, Seaman's Manslaughter. The government has produced discovery to the defense, including over 320,000 pages of documents, photos, and videos.

    b. Defense counsel are scheduled to be in a number of upcoming trials. Specifically, Ms. Wakefield is scheduled to be in the following trials:

        i. United States v. Lottie, 20-CR-116-MWF, a single-defendant assault trial scheduled for March 15, 2022, which is estimated to last 2-3 days;

        ii. United States v. Celestine, 21-CR-332-SVW, a single-defendant felon in possession trial scheduled for March 29, 2022, which is estimated to last 2-3 days; and

        iii. United States v. Sadigh, 15-CR-465-TJH, a multi-defendant securities fraud trial scheduled for May 17, 2022, which is estimated to last 2-3 weeks.

        iv. United States v. Saunders, 21-CR-122-ODW, a single-defendant assault trial scheduled for July 12, 2022, which is estimated to last 2-3 days;

    c. Ms. Rivera is scheduled to be in the following trials:

        i. United States v. Stella, 21-CR-00338-GW, a possession and production trial set for February 8, 2022, which is estimated to last 3-4 days;

        ii. United States v. Gudino, 21-CR-00183-SVW, an unlawful reentry trial set for February 22, 2022, which is estimated to last 2-3 days;

        iii. United States v. Almanza, 21-CR-00212-FLA, a possession with intent to distribute a controlled substance trial set for February 22, 2022, which is estimated to last 2-3 days;

        iv. United States v. Chen, 21-CR-473-PA, a conspiracy to distribute and possess with intent to distribute methamphetamine trial set for April 5, 2022, which is expected to last 3-4 days;

        v. United States v. Jones, 20-CR-00074-PSG, a firearm possession trial set for April 14, 2022, which is estimated to last 2-3 days;

        vi. United States v. Delatrinidad Bautista, 21-CR-488-JFW, an unlawful reentry trial set for April 15, 2022, which is estimated to last 2 days;

        vii. United States v. Melgoza, 21-CR-00515-VAP, an unlawful reentry trial set for May 10, 2022, which is estimated to last 2 days; and

        viii. United States v. Flores-Altamirano, 18-CR-00242-DMG, a firearm possession trial set for July 12, 2022, which is estimated to last 2-3 days.

    d. Ms. Deixler is scheduled to be in the following trials:

        i. United States v. Rosales Soto, 20-CR-24-TJH, a conspiracy to distribute and possess with intent to distribute methamphetamine trial set for February 8, 2022 (a request for continuance to March 8, 2022 is pending);

4

        ii.  United States v. Lewis, 19-CR-229-CAS, a bank robbery trial set for February 22, 2022;

        iii.  United States v. James, 21-CR-146-VAP, an assault trial set for March 1, 2022; and

        iv.  United States v. Figueroa, 21-CR-264-FMO, an unlawful reentry trial set for April 19, 2022.

    e.  Accordingly, all three defense counsel represent that they will not have the time that they believe is necessary to prepare to try this case on the current trial date.

    f.  In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    g.  Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

  8.  Defendant also requests the continuance based upon the following facts related to the COVID-19 pandemic, which the parties also believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a.  In March 2020, the Central District of California suspended jury trials and adopted many other restrictions to reduce

exposure to the COVID-19 virus and slow its spread. Criminal jury trials resumed in 2021 after the Court promulgated safety protocols and restricted the number of jury trials that could proceed simultaneously.

   b. However, on January 3, 2022, following the alarming spread of the Omicron variant, the Chief Judge ordered a three-week suspension of all jury trials to commence immediately and remain in effect through and including January 24, 2022. C.D. Cal. Order of the Chief Judge No. 22-001 (Jan. 3, 2022). The Chief Judge's Order found that the CDC "expects a surge of COVID-19 cases in the coming days to weeks," "the Omicron variant is likely more transmissible than the original virus," "breakthrough infections in people who are fully vaccinated are likely to occur," and "there has recently been an increase of suspected and confirmed COVID-19 cases within the courthouses of the Central District of California." Id. at 1-2. The Chief Judge further found that "conducting jury trials would place court personnel, attorneys, parties, and prospective jurors at undue risk" and that "a temporary suspension of jury trials is necessary to protect public health and safety, as well as ensure the continuous performance of essential functions and operations of the Court." Id. at 2.

   c. Based on continued public health concerns and jury-trial restrictions that have been adopted to maintain social distancing and protect all trial participants, a continuance of the trial date in this matter will serve the ends of justice and outweigh the interests of the public and defendant in a speedy trial. The parties stipulate to that fact, and it is consistent with the Central District's findings and orders. The parties further stipulate that

6

under the extraordinary circumstances of the COVID-19 pandemic, the requested continuance is not based on general congestion of the Court's calendar, lack of diligent preparation by counsel, or any failure on the part of the government to obtain available witnesses. The government does not object to the request for a continuance.

       d.  Failure to grant the requested continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice, particularly given the need for a complete and continuously serving jury, which is central to the sound administration of justice. Failure to grant a continuance would also put parties, witnesses, jurors, venirepersons, counsel, and Court personnel at risk.

9. Based on all of the foregoing, for purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of March 22, 2022, to October 4, 2022, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

10. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: February 9, 2022          Respectfully submitted,

                                 TRACY L. WILKISON
                                 United States Attorney

                                 SCOTT M. GARRINGER
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                 /s/
                                 _____
                                 MARK A. WILLIAMS
                                 JOSEPH O. JOHNS
                                 MATTHEW W. O'BRIEN
                                 Assistant United States Attorneys

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA


I am Jerry Nehl Boylan's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up

the right to be brought to trial earlier than October 4, 2022, is an informed and voluntary one.

_____  2/8/2022
GEORGINA WAKEFIELD                  Date
GABRIELA RIVERA
JULIA DEIXLER
Attorneys for Defendant
JERRY NEHL BOYLAN

    I have read this stipulation and have carefully discussed it with my attorneys. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than September 13, 2022. I understand that I will be ordered to appear in Courtroom 9D of the Federal Courthouse, 350 W. 1st Street, Los Angeles, California on October 4, 2022, at 9:00 a.m.

_____  2/8/2022
Signed by counsel with authorization
JERRY NEHL BOYLAN                   Date
Defendant

9