CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
GEORGINA WAKEFIELD (Bar No. 282094)
(E-Mail: Georgina_Wakefield@fd.org)
GABRIELA RIVERA (Bar No. 283633)
(E-Mail: Gabriela_Rivera@fd.org)
JULIA DEIXLER (Bar No. 301954)
(E-Mail: Julia_Deixler@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
JERRY NEHL BOYLAN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JERRY NEHL BOYLAN,<br><br>　　　　Defendant. | Case No. 2:20-CR-00600-GW<br><br>**MOTION TO DISMISS THE INDICTMENT FOR FAILURE TO ALLEGE THE JURISDICTIONAL ELEMENT OF 18 U.S.C. § 1115**<br><br>August 18, 2022 at 8:00 a.m.<br><br>The Honorable George H. Wu |

　　　Jerry Nehl Boylan, through his attorneys of record, Deputy Federal Public Defenders Georgina Wakefield, Gabriela Rivera, and Julia Deixler, hereby moves this Honorable Court for an order dismissing the indictment (Dkt. No. 1) for failure to allege the jurisdictional element of 18 U.S.C. § 1115.

//

//

//

1

This motion is based upon the attached memorandum of points and authorities, all files and records in this case, and such evidence and argument as may be presented at the hearing on the motion.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: June 30, 2022     By  /s/ Georgina Wakefield
GEORGINA WAKEFIELD
GABRIELA RIVERA
JULIA DEIXLER
Deputy Federal Public Defenders
Attorney for JERRY NEHL BOYLAN

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Jerry Boylan is charged in an indictment with 34 counts of seaman's manslaughter, a violation of 18 U.S.C. § 1115. The indictment, however, does not allege a federal offense; specifically, the indictment fails to allege that the offense occurred on a body of water tied to Congress' power to legislate. Instead, the indictment alleges that the offense occurred "in Santa Barbara County," a place where the statute would not reach. In other words, the government failed to properly charge the statute's "jurisdictional element." Because of this, the indictment fails to allege a violation of the seaman's manslaughter statute and must be dismissed.

## II. FACTUAL STATEMENT[1]

Over a year after fire on the Conception, the government filed a 34-count indictment charging Mr. Boylan with seaman's manslaughter, a violation of 18 U.S.C. § 1115. (Dkt. No. 1). The indictment alleges that the offense occurred "in Santa Barbara County," not on any body of water tied to Congress' constitutional authority to regulate conduct. In so doing, the indictment alleges no "jurisdictional element."

## III. LEGAL ARGUMENT

**A. The indictment must contain the elements and essential facts constituting the offense charged**.

The Fifth Amendment guarantees that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . ." If the indictment does not state the essential elements of the crime, Mr. Boylan cannot be assured that he is being tried on the evidence presented to the grand

---

[1] Mr. Boylan refers the Court to the factual statement in his motion to suppress for additional background facts alleged in the discovery and by the NTSB.

3

jury or that the grand jury acted properly in indicting him. *Russell v. United States*, 369 U.S. 749, 768–770 (1962) ("To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment would deprive the defendant of a basic protection which the guaranty of the intervention of a grand jury was designed to secure.").

Similarly, the Sixth Amendment's right "to be informed of the nature and cause of the accusation" is also offended by an indictment that does not state the essential elements of the crime. *See Russell*, 369 U.S. at 761. The indictment must provide Mr. Boylan with enough information so that he can prepare his defense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1975)). And the indictment must protect against double jeopardy, so it must be specific enough to enable Mr. Boylan to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Resendiz-Ponce*, 549 U.S. at 108 (citing *Hamling*, 418 U.S. at 117).

Federal Rule of Criminal Procedure 7 ensures fulfillment of these constitutionally required functions by requiring that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).

While it is generally sufficient for an indictment to track the language of the statute, when an element of the offense is implicit in the statute, rather than explicit, the indictment must still allege the implicit element explicitly. *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999); *United States v. Pirro*, 212 F.3d 86, 93 (2d Cir. 2000).

### B. The jurisdictional element of a federal offense must be alleged in the indictment.

Most federal crimes have two different kinds of elements: substantive and jurisdictional. Whereas the substantive elements define the prohibited behavior, the jurisdictional element ties the substantive offense to one of Congress's constitutional

4

powers spelling out the ability for Congress to legislate. *Torres v. Lynch*, 578 U.S. 452, 457 (2016). This second type of element—the jurisdictional element—exists because Congress does not have a general police power. It may enact only those criminal laws connected to one of its constitutionally enumerated powers, such as the authority to regulate interstate commerce. *Id.* As the Ninth Circuit has explained, the "jurisdictional element is one that identifies the factor that makes the conduct an appropriate subject for federal concern, or the fact that confers federal jurisdiction." *United States v. Lucero*, 989 F.3d 1088, 1095 (9th Cir. 2021) (internal citations and quotation marks omitted).

The predicate for jurisdiction is an essential element of any federal offense. *See, e.g.*, *United States v. Costanzo*, 956 F.3d 1088, 1092 (9th Cir. 2020) (nexus with interstate commerce in a money laundering case is both a jurisdictional requirement and an essential element of the offense); *United States v. Ali*, 266 F.3d 1242, 1243 (9th Cir. 2001) (proof of a bank's federally insured status in a bank fraud case is a jurisdictional prerequisite that must be proved by the government beyond a reasonable doubt); *United States v. Jackson*, 697 F.3d 670, 671 (8th Cir. 2012) (Indian status is an element of the offense the government must prove); *United States v. McRary*, 665 F.2d 674, 679 (5th Cir. 1982) ("In cases where the issue is directly addressed it has been uniformly held that the basis for federal jurisdiction is an essential element of the offense.").

Because the "jurisdictional element" is essential, it must be alleged in the indictment. This is true even when that element is not expressly contained in the statute itself. In *United States v. Serrano*, 191 F. Supp. 3d 287 (S.D.N.Y. 2016), for example, Serrano was charged with possession of body armor after conviction of a felony crime of violence. The indictment, however, failed to allege that the body armor possessed was "sold or offered for sale in interstate commerce." *Id*. at 290. While the indictment tracked express language of the statute, the definition of body armor was in a different statute and contained the relevant jurisdictional element; namely, that the body armor had been sold or offered for sale in interstate or foreign commerce." *Id*. The court thus

dismissed the body armor count, concluding that the indictment failed to plead the "essential element" of interstate commerce: the jurisdictional element. *Id*.

As discussed below, the indictment here also omits the jurisdictional element. Because that element is essential, the indictment must be dismissed for failure to state an offense.

**C.  The seaman's manslaughter statute requires that the offense occur on the water in an area over which Congress has the constitutionally enumerated power to legislate.**

Seaman's manslaughter contains no express jurisdictional element. It provides in pertinent part:

> Every captain, engineer, pilot, or other person employed on any steamboat or vessel, by whose misconduct, negligence, or inattention to his duties on such vessel the life of any person is destroyed, and every owner, chartered, inspector, or other public officer, through whose fraud, neglect, connivance, misconduct, or violation of law the life of any person is destroyed, shall be fined under this title or imprisoned not more than ten years, or both.

Title 18 U.S.C. § 1115. But courts have interpreted the implicit jurisdictional predicate as a body of water under either the general admiralty jurisdiction of the United States (*see United States v. Allied Towing Corp.*, 602 F.2d 612, 615 (4th Cir. 1979)) or the special maritime and territorial jurisdiction of the United States, as defined in 18 U.S.C. § 7 (*see Hoopengarner v. United States*, 270 F.2d 465, 470 (6th Cir. 1959)).[2] Neither jurisdictional predicate reaches conduct on dry land, let alone land belonging to a state. And that makes sense because the statute applies to boats and persons working on them. Accordingly, the indictment, which charges manslaughter occurring "in the

---

[2] That the jurisdictional predicate is open for interpretation is more reason why it should be found by the grand jury and charged in the indictment. Mr. Boylan and/or the Court may have a different view than the government.

6

County of Santa Barbara" does not allege a violation of the seaman's manslaughter statute.

### IV. CONCLUSION

For the foregoing reasons, the indictment should be dismissed for failing to state a federal offense.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: June 30, 2022   By  /s/ *Georgina Wakefield*
GEORGINA WAKEFIELD
GABRIELA RIVERA
JULIA DEIXLER
Deputy Federal Public Defenders
Attorney for JERRY NEHL BOYLAN